THE STATE OF MISSOURI ex rel. C. P. CATRON, Administrator, etc., Respondent, v. J. W. ENNIS et al., Appellants.

Kansas City Court of Appeals, February 20, 1899.

1. **Administration**: PUBLIC ADMINISTRATOR: LIABILITY. The ten years' statute of limitation applies to actions on the bonds of private administrators, and as public administrators are by statute subject to the same duties, penalties, provisions and proceedings as other administrators, said period of limitation and not the three years' statute applicable to certain officers applies to them.

2. **Statutory Construction**: SECTION 6776: EJUSDEM GENERIS. The familiar rule of statutory construction that where an enumeration of particular things is followed by a general word or phrase the latter must be held to refer to things of the same kind as specified, is applied to section 6776, Revised Statutes 1889.

*Appeal from the Bates Circuit Court.*—HON. JAMES H.
LAY, Judge.

AFFIRMED.

W. O. JACKSON for appellants.

(1)　The bond sued on is an official bond and not an administrator's boｈd, and is governed by the law governing official bonds. R. S. 1889, secs. 18, 296. (2) The suit being on an official bond is barred by the statute of limitation in three years. R. S. 1889, sec. 6776; State to use v. Dailey, 4 Mo. App. 172; Mitchel v. Fulbright, 32 Mo. 551; State ex rel. v. Spencer, 79 Mo. 316. The public administrator was acting in the capacity of a ministerial officer as disclosed by the petition. 2 Bouvier's Law Dictionary, p. 255.

SMITH & FRANCISCO for respondents.

(1)　Public administrators are a different class of officers from sheriffs or coroners, and applying the well known canon of construction, *ejusdem generis*, section 6776 does not apply to an action against public administrators. Henoch v. Chaney, 61 Mo. 129-133; State ex rel. v. Grigsby, 92 Mo. 419-423; Sutherland on Stat. Constr., secs. 268, 280. (2) When a specific enumeration concludes with a general term it is held to be limited to things of the same kind enumerated (Sutherland, sec. 278), and the only exception to the rule is when the particular words exhaust a whole genus then only general words relate to broader fields. State ex rel. v. Allen, 45 Mo. App. 551-561; Sutherland on Stat. Constr., sec. 278. Constables, marshals, etc., are included in the general words, being same kind or genus as the special words used in this statute. (3) In suits on bonds of ordinary administrators, the ten year statute of limitations applies. Martin v.

Knapp, 45 Mo. 48.    (4)    The same law governs against public administrators.    Because they are the same class of officers.    Sutherland on Stat. Const., *supra*.    Because the state so declares.    R. S. 1889, sec. 300; Munday v. Leeper, 120 Mo. 417.

SMITH, P. J.—The relator is the administrator *de bonis non* of the estate of Abigail France, deceased.

In November, 1888, the defendant Ennis was elected public administrator of the county of Bates for a term of four years.    The other defendants were sureties on his bond as such public administrator.

In the month of August, 1891, the probate court of said county of Bates ordered into the custody of the said defendant Ennis, as public administrator, the personal estate of the said Abigail France, deceased; that he collected and received into his possession assets belonging to said estate of the value of $346, which he failed to account for or turn over as required by law and the conditions of his said bond, but on the contrary appropriated and converted the same to his own use. This action against him and the sureties on his bond was not commenced until the lapse of three years after the conversion took place.

The question which was raised in the court below by the demurrer to the petition, and is now presented for our determination, is, whether the three years' limitation provided by section 6776, Revised Statutes, is applicable, for if so the demurrer was improperly overruled by the circuit court.    It will be observed that the section of the statute just referred to requires that an action against a sheriff, coroner or other officer upon a liability incurred by the doing of an act in his official capacity and in virtue of his office or by the omission of an official duty including the non-payment of money collected upon execution, or otherwise, shall be commenced within three years after the cause of action accrues.

In suits against a private administrator on his bond the ten year statute of limitations is applicable. Martin v. Knapp, 45 Mo. 48. Section 300, Revised Statutes, provides that, in addition to the provisions of article XV, chapter 1, Revised Statutes, a public administrator shall have the same powers as are conferred upon, and be subject to the same duties, penalties, provisions and proceedings as are enjoined upon and authorized against administrators, etc., by said chapter 1, so far as the same may be applicable. This section of the statute, we think, places a public administrator as to his rights, duties and liabilities exactly on the same legal footing as an ordinary administrator. If but for this section a public administrator would fall within the class of officers to which sheriffs and coroners belong. It certainly withdraws him from the operation of said section 6776 and places him in that to which administrators, executors and guardians belong, and thereby renders applicable to him the ten year statute of limitations.

It can not be contended with any show of reason that an administrator, executor and guardian is included in the term "other officers," nor does there appear to be any greater reason why a public administrator should be included in that term than an administrator, executor or guardian. The term thus employed in the statute no doubt refers to constables, marshals and such other officers as are invested by law with powers and duties similar to those of sheriffs and coroners, but we are unable to discover that there is any greater reason for including a public administrator within such designation than there is an administrator, executor or guardian. It is a familiar rule of statutory construction that where an enumeration of particular things is followed by a general word or phrase, the latter must be held to refer to things of the same kind as specified. Applying this rule to said section 6776 it becomes plain that the term "other officer" as therein used has no reference to a public administrator.

Our conclusion is that the three year statute of limitation is inapplicable to the case and that therefore the circuit court did not err in the action taken by it on the defendants' demurrer.

The judgment will be affirmed.    All concur.